IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW WADSWORTH,<br><br>    Petitioner,<br>  v.<br><br>MATTHEW C. KRAMER, et al.,<br><br>    Respondents<br>    _____/ | No. C 07-2178 MMC<br><br>**ORDER DIRECTING PETITIONER TO SHOW CAUSE WHY PETITION SHOULD BE NOT DISMISSED** |

    Before the Court is Andrew Wadsworth's petition for a writ of habeas corpus, filed April 19, 2007, pursuant to 28 U.S.C. § 2254.

    A district court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2254(a). A district court shall "issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." See 28 U.S.C. § 2243. A petition for a writ of habeas corpus "shall not be granted unless it appears that [ ] the [petitioner] has exhausted the remedies available in the courts of the State." See 28 U.S.C. § 2254(b)(1). "To exhaust a claim properly, a petitioner must present his claim to the state supreme court," see Gatlin v. Madding, 189 F. 3d 882, 888 (9th Cir. 1999), here, the California Supreme Court.

1   Here, petitioner alleges he has filed in the California Supreme Court a petition for a writ of habeas corpus, which petition is "still pending." (See Petition ¶ III.) Consequently, it appears from the petition that petitioner has not exhausted each claim alleged therein. See Sherwood v. Tomkins, 716 F. 2d 632, 634 (9th Cir. 1983) (holding petitioner fails to satisfy exhaustion requirement, even if issues raised in pending state post-conviction proceeding not included in federal petition, because pending state court proceeding "may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question").[1]

Accordingly, petitioner is hereby DIRECTED to show cause, in writing and no later than May 18, 2007, why the instant petition should not be dismissed without prejudice for failure to exhaust.

**IT IS SO ORDERED.**

Dated: April 27, 2007

MAXINE M. CHESNEY
United States District Judge

---

[1] Additionally, if any of the claims alleged herein is pending before the California Supreme Court and was not raised in petitioner's direct appeal, the petition would be a "mixed" petition. "[F]ederal district courts may not adjudicate mixed petitions for habeas corpus, that is, petitions containing both exhausted and unexhausted claims." Rhines v. Weber, 544 U.S. 269, 273 (2005).

2